BEFORE THE FIRST DIVISION, DECEMBER 16, 1954

**No. 58591.**—R. F. Downing & Co., Inc. *v.* United States, protests 218557–K, 218558–K, and 218559–K (New York).

MOLLISON, Judge: The above-entitled and enumerated protests were consolidated for trial and disposition. Each is directed against the action of the collector of customs at the port of New York refusing to allow drawback under the provisions of section 313 (a) of the Tariff Act of 1930 upon the exportation of certain watches manufactured or produced in the United States with the use of imported duty-paid materials.

It appears from the undisputed facts that for some unexplained reason it had been thought by the customs officers concerned that the exportation of the watches had been accomplished from Idlewiid Airport, N. Y., rather than from La Guardia Airport, N. Y., the place of deposit for examination prior to exportation specified in the notices of intent. It was also believed that such exportation had been made without customs supervision and under such circumstances as would not warrant allowance of drawback.

When the protests were called for trial, counsel for the plaintiff offered in evidence all of the so-called "official papers," meaning thereby, presumably, all of the papers transmitted by the collector to the court with the protests. Counsel particularly called attention to a document found with the papers in protest 218558–K, dated March 25, 1954, entitled "Office Memorandum," addressed to the "Assistant to the Deputy Collector, Protest Section, Fifth Division," by "M. W. Benjamin, Deputy Collector, Drawback Division," and to statements under date of February 26, 1954, in a document headed "Amended Inspector's Certificate," attached to the notice of intent to export in each case, to the effect that each shipment had been inspected prior to exportation and that exportation had, in fact, been made from La Guardia Airport.

Counsel further offered to stipulate that the plaintiff herein complied with all the rules and regulations and conditions affecting drawback.

Counsel for the defendant made no objection to the receipt of the official papers in evidence, conceded that the facts therein recited were true, and agreed to the stipulation.

Counsel for the plaintiff further offered in evidence letters of transmittal of the protests by the collector, indicating that his office would not object to a stipulation in accordance therewith, and there being no objection thereto, the same were received in evidence as plaintiff's exhibits 1 and 2.

It clearly appears from the record as thus made that the plaintiff complied with all statutes and regulations relating to drawback and is entitled to judgment directing reliquidation of the drawback entries involved and allowing the drawback claimed.

Judgment will issue accordingly.